The first case for argument this morning is Garcia-Hernandez versus Garland and I believe Ms. Gutierrez-Diaz you are representing the petitioner so please proceed. Good morning your honor my name is Marisol Castro. Ms. Angelica Gutierrez-Diaz is also on the case but I'm the lead person that would argue. I apologize I didn't know you were on there so okay thank you. Thank you good morning my name is Marisol Castro for the petitioner Virginio Garcia-Hernandez and may please the court I will use five minutes for argument and I will reserve for five for rebuttal however like I just mentioned my colleague Angelica Maria Gutierrez-Diaz will also be available and I would offer her any time that she particularly might have specific personal knowledge to certain questions. The legal question I will begin with is whether our client the petitioner had a statutory constitutional and due process right to counsel at his own expense when appearing in front of the immigration judge hearing his credible fear claim. The answer your honors is yes for the following three reasons. First the court here in Sunita versus Barr and Orozco-Lopez has already determined in quotes a right to representation by an attorney. These proceedings are a form of removal just like in Sunita. Well counsel with respect the facts in this case and Orozco-Lopez are quite different I think in this case your client was told specifically that he did have such a right was given information on who might be available and the IJ said specifically you know this supposed to extra time try to find your counsel so he had the right he didn't exercise it and they went forward. How does that in any way violate Orozco-Lopez? Your honor in this particular case yes my client was aware he had an attorney in fact he exercised that right and he hired his attorney. She's here on this hearing like I mentioned. He unable to give her notice because he was given unproper notice. Well wait a minute wait a minute he he he was in a hearing the IJ specifically said to him you have a right to counsel we're gonna have this hearing it was his obligation to notify his counsel that's not the responsibility of the IJ is it? No your honor but on December 30th when the judge gave notice of the following hearing that would be held first that our client does not understand which is our second point. Well wait a minute wait a minute wait a minute they as I understand it the only there was one word dealing with land disputes that was apparently difficult to understand there's no claim I don't believe at least I'm aware of that your client was claiming he didn't know that he was told to get his lawyer and when that when in the record that says otherwise. Your honor in the record if we look at the transcripts on page starts on page 7 it starts with and the interpreter just to be clear you can understand this respondent interpreter to judge your honor yes I understand but some words I do not understand some words are not and it cuts off all right they're not similar to mine your honor the point our second point in this is the lack of language barrier. I understand but again you don't have a lot of time so I want to just cut to the chase here yeah he had the language issue but when pressed what was the specific misinterpretation it had to do with a separate issue not with counsel can you point to anywhere in the record that suggests that your client did not understand that he had the right to counsel and that he needed to bring him to the next hearing. Your honor he did understand that he had the right to counsel in fact he had hired a counsel the problem was that from December 30th to January 5th there was not ample time the main question the main problem we have here is the judge did need to proceed because of the 10 days but our client asked for continuance so that his attorney could be present he explained to the judge if he was unable to give his attorney the proper date and notice and time the judge at that point had the discretion to find out if in fact there was extreme circumstances and that would lead him to maybe have to continue this case the exceptional circumstances so when the judge told our client you cannot have more time to have your attorney give a notice our client in fact told the judge his client's name and was able to give her give the more information regarding his attorney but the judge did nothing and there is case law and in Orozco it does say the judge has an obligation to make some steps to help the situation out and and and the judge did hear the judge actually was not indeed he specifically mentioned the 10-day limitation which said he was going to go beyond that to be helpful your honor if you what versus Gonzalez it actually says that it is not reasonable for two continuances and in that case there was one continuance and the second continuous was done during the holidays and that case says that that was unreasonable time to continue to allow for an attorney also there's you want to save any of your time you're down to a little over four minutes it's up to you it's fine you know I'd like to just make that may I continue where I was of course okay so as we mentioned our client had the right to an attorney it's based under 1362 1208 so he got an oral school the there was no waiver of counsel he expressed he had an attorney and gave the name of his attorney and like we said the judge made no attempts to continue the case for one or two days to make a simple phone call there was absolutely no efforts in this judge to to try to avoid this problem okay can I jump in and ask you just a factual question to make sure I'm on the same page as I understand it at the December 30th hearing that hearing was conducted in Spanish right and and as I understand at the end of the hearing when the judge advised your client about the hearing on January 5th he asked your client whether he understood and your client basically said kind of a little bit I mean Spanish is not he doesn't showed up on January 5th that he was not aware that the hearing was going to be held that day until the morning of January 5th that's correct your honor that's that's what I was trying to express is that he never received proper notice because it wasn't in his language and so that day he was able to get by but not it's not not enough to express and articulate not only does he not have an education in Mexico but he obviously doesn't have knowledge of the legal US system and so he did not know and was unable to in fact he was also in quarantine there was holidays there was various exceptions that the judge should have considered to have allowed this person to have more time to have his attorney present our client speaks we speckled maybe oh they get it so the day that the 30th case got continued so what about the the the time limitation in the circumstances you should complete the hearing in 10 days that there was an abusive discretion all the things you mentioned amount to exceptional circumstances yes your honor I feel that the time that anything would be exceptional wouldn't it I'm sorry almost anything would be exceptional well that's just that's just it your honor it was never examined or analyzed the judge failed to use his discretion to even ask why don't you have your attorney here question is why is that an exceptional circumstance I think the combination of our client being in quarantine and unable to use the phone to call his attorney to ask him what's going on I was in court I'm confused I don't know what's going to happen next all of a sudden on the 5th he's brought into court with no notice because he's confused it makes it an exceptional circumstance well that in addition your honor to the fact that there were holidays in the time frame when their holidays it makes an exceptional circumstance that is that what you're saying things like that yes your honor I think in the totality of the situation for our client there was those circumstances that should have at least been explored by the judge there was a due process violation which I think is the biggest exception oh wait a minute now are you making a due process argument now yes your honor our client was unaware was not given proper adequate notes he's unable to speak the language where the notice was given to him he was he had he had the right to counsel he explained to the court he have an attorney you're repeating yourself now you don't have much time left you have less than a minute but we do believe your honor that there was abuse of discretion for not even exercising the examination of exceptional circumstances we also think that there's case law where it in fact tells that the court if the client has already engaged with an attorney and then that attorney fails to appear but judge still has to make steps to it to make sure that due process is not violated and that there's at least a phone call to the attorney made I counsel do you have any case that finds that an IJ committed an abuse of discretion in facts that are identical to these identical I would think that the most similar one is that be what versus Gonzales where it does say to to infuse the critical right to counsel with meaning we have held that the IJ must provide alien with reasonable time to locate counsel and permit counsel to prepare for the hearing okay I I think as my colleagues say that you I think we have that point you have now used up your time so we thank you for your leave good morning your honors my name is Kristen Blosser and I'm here on behalf of the United States Attorney General the respondent in this matter may it please the court petitioner has even under this court's recent decision in Orozco Lopez petitioners right to counsel was not violated Orozco Lopez the court emphasized that that's that right is cabins by the to be conducted within 10 days after the notice of referral to the immigration judge was filed and that is critical and not only that but the requirements that the court articulated under Orozco Lopez were met in this case petitioner was informed of his entitlement to counsel and he was offered the opportunity well can I yeah I was gonna ask on that point do you agree with your opponent that on December 30th the the notice of the January 5th hearing that was given to the petitioner here was not I mean he didn't understand it it seems quite obvious that that's the case because it was given in a language that he doesn't speak he then got a written notice of the hearing that was in English which he most definitely does not speak and then he shows up on January 5th and he tells the judge judge I just found out this morning that I had this hearing so that's why I wasn't able to tell my lawyer to be here with so it seems to me that he was not given a proper notice that January 5th was the date that his lawyer needed to be present and as I understand our cases when when an IJ knows that a person has secured counsel shows up for the hearing and the lawyers not there with me the judge has an obligation to take quote-unquote reasonable steps to ensure that the person's right to counsel is respected and that can be as a lawyer to say hey what the hearings today why aren't you here can you get down here immediately and the judge here did none of that he didn't even make a phone call to see if counsel could get there that day so I guess I'd be inclined to think that that is not in compliance with our cases but I'm anxious to hear your response to that yes your honor I would respectfully disagree with that representation of the way that the fact that petitioner did understand what he was told on December 30th petitioner did say I believe it was more or less a little bit when asked whether he understood but then the immigration judge repeated the date for the hearing and petitioner indicated that he did understand petitioner also engaged in a back-and-forth with the immigration judge that did indicate that he had a basic understanding of Spanish sufficient that he was able to respond to the questions that were posed to him in Spanish and there are multiple places in the record where petitioner indicated that he did speak Spanish I would direct the court's attention specifically to page 55 to 56 of the administrative record where petitioner is meeting with an asylum officer and he indicates to the asylum officer that Mexico was his native language but the record shows that petitioner did understand Spanish  Spanish he would be willing to continue with the interview in Spanish and on another occasion page 50 of the administrative record to a different asylum officer petitioner again indicated that he could speak Spanish he simply felt more comfortable in Mexico because that was his native language but the record shows that petitioner did understand Spanish and so given that and petitioner was informed of the fact that his hearing would be rescheduled to that January 5th date and he was informed of that right he was also even apart from how do you explain his comment to the judge on January 5th that he just found out that morning that his hearing was going to be I interpreted petitioners comment to say that he didn't receive written notice of the hearing and not that he didn't understand what the immigration told immigration judge told him about the rescheduled review the actual I think what he said to the judge counsel is that the reason my lawyer is not here with me is because I didn't know to tell her to come here I didn't know I was having a hearing until they got came and got me this morning respectfully your honor I don't believe that he goes quite that far he stated on page 14 I did not get the information to to give to the attorney but he didn't state that he didn't understand when he was told that the hearing would be rescheduled to January 5th that he never stated and to my colleagues point I believe it was noted that petitioner provided the name of his attorney that was representing him but I don't believe the record reflects that petitioner indicated he had an attorney but he did not identify her by name and let me shift we can debate this point I guess all day let's assume that you're right that he was adequately informed that January 5th was the date nonetheless don't our cases say that when the IJ is aware that somebody has already retained counsel and that undoubtedly is true here that the judge has to take reasonable steps to find out okay well why isn't the lawyer here with and so why wouldn't the IJ at least have had the obligation to call I guess is it Miss Gutierrez Diaz who was the lawyer I'm not remembering to call her and say listen your client is here before me he has a hearing today whether you knew it or not can you get down here today does that can we you know put this off to this afternoon something and then if Miss Gutierrez Diaz says well no I'm not available for the next two weeks then obviously in that scenario given the 10-day limitation the judge can proceed but the judge didn't even take the the minimal step of finding out whether Miss Gutierrez Diaz could get down there that day so that the proceeding could be held on the very day that it was otherwise scheduled well respectfully your honor the the immigration judge noted that no attorney had filed a notice of appearance indicating that petitioner was represented by an attorney who had indicated an intent to appear on his behalf at that review proceeding before the immigration judge and so when confronted with that the fact that there's no objective indicator in the record that petitioner was represented I don't believe that it would be reasonable that's definitely not true counsel because the record indicated that he had an attorney at the interview the original interview he was already represented then yes your honor I'm not disputing the fact that he had an attorney and the interview with the asylum officer but simply the fact that it wasn't clear from the record that there was an attorney who indicated in a desire to represent him in that review proceeding before the immigration judge where a notice of appearance is required for an attorney to represent a petitioner before an immigration judge and so under all of the circumstances of this case it's the government's position that the immigration judge did everything reasonably that he could do to permit petitioner to obtain counsel and nonetheless petitioner failed to do so let me ask you this to me this is one of those cases where no good deed goes unpunished the the IJ said I know we're supposed to get this done in ten days but I'm gonna give you a break we're gonna extend this on a little bit give you a chance to get your lawyer had the ten days is up we're done here would that have been proper would that have been legal I believe that your honor is referring to it the situation in that situation petitioner had indicated that he had an attorney and the immigration judge simply said ten days are up or that exchange did not occur well either way I guess the point is the statute says ten days and needed to move it along and the judge it seemed to me was bending over backwards to help this petitioner and he's getting bitten now possibly because of that courtesy so my question is if the judges simply said you know the statute says ten days I see nothing before me that changes anything here this is over would that have been legal I think that that's certainly possible that is at least what happened in Gonzales the companion case to a Roscoe Lopez there Gonzales appeared before the immigration judge I believe it was on day eight after the notice of referral was filed and at that time did not have an attorney requested a continuance and the immigration judge indicated that the review needed to take place at that time given the regulatory requirements and the court in a Roscoe Lopez indicated that that Gonzales' right to counsel had not been violated so from your perspective Gonzales teaches us that that the IJ would not have abuses discretion if he just determinated things at the tenth day I believe so your honor and your time is almost up you want to just wrap up please yes your honor for those reasons and the reasons submitted in our briefs we would request that the petition for review be denied thank you okay we thank both counsel for their argument do either of my colleagues have additional questions I wish to raise with either counsel or we are we done I do not I'm fine thank you very well so thanks to both counsel for your argument in this case the case of Garcia Hernandez versus Garland is no no I'm sorry did I not have at least a couple more no no no we had we told you before you we you mentioned that you're gonna run it into your time so you will actually let you go over your time so no I'm sorry thank you honors thank you
judges: TASHIMA, SMITH, WATFORD